Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

# UNITED STATES DISTRICT COURT

### for the

Western District of Michigan

### Southern Division

FILED - GR

February 17, 2026 4:19 PM
CLERK OF COURT
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY:JMW  SCANNED BY: JU /2-18

MICHAEL JAMES MILLIGAN )
)
)
)
*Plaintiff(s)*
*(Write the full name of each plaintiff who is filing this complaint.*
*If the names of all the plaintiffs cannot fit in the space above,*
*please write "see attached" in the space and attach an additional*
*page with the full list of names.)*
-v-

TOOPER  NICHOLAS RADKE
Trooper Donald Hedglen

*Defendant(s)*
*(Write the full name of each defendant who is being sued. If the*
*names of all the defendants cannot fit in the space above, please*
*write "see attached" in the space and attach an additional page*
*with the full list of names.)*

Case No. _____

*(to be filled in by the Clerk's Office)*

Jury Trial: *(check one)* ☑ Yes ☐ No

1:26-cv-537

**Jane M. Beckering**
**U.S. District Judge**

## COMPLAINT FOR A CIVIL CASE

### I.    The Parties to This Complaint

**A.    The Plaintiff(s)**

Provide the information below for each plaintiff named in the complaint.  Attach additional pages if needed.

| | |
|---|---|
| Name | MICHAEL JAMES MILLIGAN |
| Street Address | 511 Maumee Ave. |
| City and County | Toledo    Lucas |
| State and Zip Code | Ohio |
| Telephone Number | (419)266-3289 |
| E-mail Address | milligan80michael@gmail.com |

**B.    The Defendant(s)**

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation.  For an individual defendant, include the person's job or title *(if known)*.  Attach additional pages if needed.

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

Defendant No. 1

| | |
|---|---|
| Name | Nicholas Radke |
| Job or Title *(if known)* | Michigan State Trooper |
| Street Address | 3401 Cooper St |
| City and County | Jackson, |
| State and Zip Code | MI 49201 |
| Telephone Number | (517) 780-4580 |
| E-mail Address *(if known)* | |

Defendant No. 2

| | |
|---|---|
| Name | Donald Hedglen |
| Job or Title *(if known)* | Michigan State Trooper |
| Street Address | 3401 Cooper St |
| City and County | Jackson, |
| State and Zip Code | MI 49201 |
| Telephone Number | (517) 780-4580 |
| E-mail Address *(if known)* | |

Defendant No. 3

| | |
|---|---|
| Name | |
| Job or Title *(if known)* | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |
| E-mail Address *(if known)* | |

Defendant No. 4

| | |
|---|---|
| Name | |
| Job or Title *(if known)* | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |
| E-mail Address *(if known)* | |

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

## II.    Basis for Jurisdiction

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation and the amount at stake is more than $75,000 is a diversity of citizenship case. In a diversity of citizenship case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal court jurisdiction? *(check all that apply)*

[✔] Federal question            [ ] Diversity of citizenship

Fill out the paragraphs in this section that apply to this case.

### A.    If the Basis for Jurisdiction Is a Federal Question

List the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case.

This is an action brought under 42 U.S.C. § 1983 to redress the deprivation of rights secured to Plaintiff Michael James Milligan by the Fourth Amendment to the United States Constitution.

### B.    If the Basis for Jurisdiction Is Diversity of Citizenship

1.    The Plaintiff(s)

a.    If the plaintiff is an individual

The plaintiff, *(name)* _____ , is a citizen of the State of *(name)* _____ .

b.    If the plaintiff is a corporation

The plaintiff, *(name)* _____ , is incorporated under the laws of the State of *(name)* _____ , and has its principal place of business in the State of *(name)*

_____ .

*(If more than one plaintiff is named in the complaint, attach an additional page providing the same information for each additional plaintiff.)*

2.    The Defendant(s)

a.    If the defendant is an individual

The defendant, *(name)* _____ , is a citizen of the State of *(name)* _____ . Or is a citizen of *(foreign nation)* _____ .

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

b.      If the defendant is a corporation

The defendant, *(name)* _____ , is incorporated under

the laws of the State of *(name)* _____ , and has its

principal place of business in the State of *(name)* _____ .

Or is incorporated under the laws of *(foreign nation)* _____ ,

and has its principal place of business in *(name)* _____ .

*(If more than one defendant is named in the complaint, attach an additional page providing the same information for each additional defendant.)*

3.      The Amount in Controversy

The amount in controversy—the amount the plaintiff claims the defendant owes or the amount at stake—is more than $75,000, not counting interest and costs of court, because *(explain)*:

## III.    Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

Defendants Radke and Hedglen, acting under color of state law, subjected Plaintiff to an unlawful seizure by prolonging a traffic stop beyond the time reasonably required to complete its initial mission. This prolonged detention was conducted without reasonable suspicion or probable cause—a fact expressly admitted to by Defendant Radke under oath. Consequently, the arrest that followed was the fruit of this unlawful seizure, resulting in Plaintiff's false arrest and false imprisonment. Furthermore, the official record reveals that the warrant utilized to justify the arrest was not supported by a sworn affidavit until weeks after the fact, indicating a fabrication of evidence to retroactively justify the unlawful conduct. see attached Complaint_Troopers_Only.pdf

## IV.    Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

A. An award of compensatory damages in an amount to be determined at trial for Plaintiff's loss of liberty, emotional distress, mental anguish, lost wages, and damage to reputation resulting from the unconstitutional actions described herein;
B. An award of punitive damages against Defendants Radke and Hedglen for their willful, reckless, and malicious conduct in depriving Plaintiff of his clearly established constitutional rights;
C. A declaration that Defendants' actions violated Plaintiff's rights under the Fourth Amendment;
D. An award of reasonable attorney's fees and the costs of this action pursuant to 42 U.S.C. § 1988; and
E. Any other and further relief that this Court deems just and proper.

Defendants Radke and Hedglen, acting under color of state law, subjected Plaintiff to an unlawful seizure by prolonging a traffic stop beyond the time reasonably required to complete its initial mission. This prolonged detention was conducted without reasonable suspicion or probable cause—a fact expressly admitted to by Defendant Radke under oath. Consequently, the arrest that followed was the fruit of this unlawful seizure, resulting in Plaintiff's false arrest and false imprisonment. Furthermore, the official record reveals that the warrant utilized to justify the arrest was not supported by a sworn affidavit until weeks after the fact, indicating a fabrication of evidence to retroactively justify the unlawful conduct.

## V.    Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.    For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:           02/07/2026

Signature of Plaintiff          *Michael Milligan*

Printed Name of Plaintiff       Michael Milligan

### B.    For Attorneys

Date of signing:

Signature of Attorney
Printed Name of Attorney
Bar Number
Name of Law Firm
Street Address
State and Zip Code
Telephone Number
E-mail Address

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF MICHIGAN

MICHAEL JAMES MILLIGAN,
Plaintiff;

Case No.: [To be assigned by the Clerk]

v.

TROOPER NICHOLAS RADKE,
in his individual capacity;

JURY TRIAL DEMANDED

and

TROOPER DONALD HEDGLEN,
in his individual capacity;

Defendants.

COMPLAINT FOR VIOLATION OF CIVIL RIGHTS UNDER 42 U.S.C. § 1983

INTRODUCTION

1. This is an action brought under 42 U.S.C. § 1983 to redress the deprivation of rights secured to Plaintiff Michael James Milligan by the Fourth Amendment to the United States Constitution. On May 22, 2023, Defendants Radke and Hedglen, acting under color of state law, subjected Plaintiff to an unlawful seizure by prolonging a traffic stop beyond the time reasonably required to complete its initial mission. This prolonged detention was conducted without reasonable suspicion or probable cause—a fact expressly admitted to by Defendant Radke under oath. Consequently, the arrest that followed was the fruit of this unlawful seizure, resulting in

1

Plaintiff's false arrest and false imprisonment. Furthermore, the official record reveals that the warrant utilized to justify the arrest was not supported by a sworn affidavit until weeks after the fact, indicating a fabrication of evidence to retroactively justify the unlawful conduct.

JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and § 1343, as this case arises under the Constitution and laws of the United States.

3. Venue is proper in this District under 28 U.S.C. § 1391(b) because all or a substantial part of the events and omissions giving rise to the claims occurred in Hillsdale County, Michigan, which is located within this judicial district.

PARTIES

4. Plaintiff Michael James Milligan is a citizen of the United States and a resident of Toledo, Ohio.

5. Defendant Trooper Nicholas Radke was, at all relevant times, a Trooper with the Michigan State Police, acting under color of law. He is sued in his individual capacity.

6. Defendant Trooper Donald Hedglen was, at all relevant times, a Trooper with the Michigan State Police, acting under color of law. He is sued in his individual capacity.

2

## STATEMENT OF FACTS

### A. The Initial Stop and Resolution of Dispatch

7. On May 22, 2023, Defendants Radke and Hedglen were dispatched to 13784 Emens Dr., Hudson, Michigan, regarding a "suspicious situation." The caller reported that a vehicle was parked near his property and he believed the occupant was his son, whom he did not want on the premises.

8. Upon arrival, the Troopers found Plaintiff sitting in the driver's seat of the vehicle. Within approximately 12 minutes, Defendants spoke with the complainant and confirmed that Plaintiff was not the complainant's son.

9. Having dispelled the specific suspicion that justified the dispatch, the lawful mission of the investigatory stop was concluded.

### B. Unlawfully Prolonged Detention

10. Despite resolving the purpose of the call, Defendants Radke and Hedglen continued to detain Plaintiff for over an hour.

3

11. During this extension, Defendants engaged in an investigation wholly unrelated to the initial call, which amounted to an unconstitutional "fishing expedition." This included Defendant Radke commenting on the passenger's appearance as a "user" and demanding identification without legal justification.

12. This extension of the seizure was not based on reasonable suspicion of criminal activity but was an attempt to develop probable cause where none existed, in violation of the Supreme Court's holding in Rodriguez v. United States.

13. During the Preliminary Examination held on June 7, 2023, in People v. Milligan (Case No. 23-0577-FY), Defendant Trooper Radke admitted under oath that he had no legal basis for this continued detention.

14. The transcript of the Preliminary Examination confirms Defendant Radke's admission:

Counsel: "All right. What was he doing wrong?"

Radke: "Nothing."

Counsel: "So he wasn't doing anything illegal; is that correct?"

Radke: "That's correct."

Counsel: "So you [had] no probable cause to keep him there; would you agree?"

Radke: "Agree." (Prelim. Tr. p. 14).

15. The official record further reveals that the legal process used to justify the charges was manufactured retroactively. Although the warrant purports to be issued on May 22, 2023, the supporting probable cause affidavit was not signed and sworn to by the complaining witness until June 8, 2023—the day after the Preliminary Examination. Defendants Radke and/or Hedglen, acting as the complaining witnesses, failed to provide a sworn statement at the time of the warrant's issuance, rendering the warrant a legal nullity at the time of execution and demonstrating an attempt to "fix" the record after the fact.

C. The Fruit of the Poisonous Tree: False Arrest

16. Only as a result of the lawfully unjustified and prolonged detention did the Troopers eventually discover an unrelated, outstanding misdemeanor traffic warrant for Plaintiff.

17. Relying on this evidence, which was obtained solely through the exploitation of the primary illegality (the prolonged detention), Defendants Radke and Hedglen forcibly extracted Plaintiff from his vehicle and arrested him.

18. Because the discovery of the warrant and the subsequent arrest were the direct results of a constitutional violation admitted to by the arresting officer, the arrest itself constituted a False Arrest and False Imprisonment under the Fourth Amendment.

CAUSES OF ACTION

5

COUNT I – UNLAWFUL SEIZURE (FOURTH AMENDMENT)

(Against Defendants Radke and Hedglen)

19. Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

20. Defendants Radke and Hedglen subjected Plaintiff to a seizure that was unlawfully prolonged beyond the time reasonably required to complete the mission of the stop.

21. As established by Defendant Radke's own sworn testimony, this continued detention was conducted without probable cause or reasonable suspicion that Plaintiff was engaged in criminal activity.

22. This conduct violated Plaintiff's clearly established rights under the Fourth Amendment to be free from unreasonable seizures.

COUNT II – FALSE ARREST & FALSE IMPRISONMENT (FOURTH AMENDMENT)

(Against Defendants Radke and Hedglen)

23. Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

24. Defendants Radke and Hedglen arrested Plaintiff based on information (the warrant) that was discovered only by violating Plaintiff's Fourth Amendment rights.

6

25. Because the detention leading to the discovery of the warrant was unlawful, the subsequent arrest and imprisonment were the fruit of the poisonous tree and lacked a valid constitutional basis.

26. As a direct and proximate result of Defendants' actions, Plaintiff was wrongfully imprisoned and suffered a loss of liberty.

COUNT III – FABRICATION OF EVIDENCE (FOURTH AND FOURTEENTH AMENDMENTS)

(Against Defendants Radke and Hedglen)

27. Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

28. Defendants Radke and Hedglen violated Plaintiff's constitutional rights by fabricating the legal justification for his arrest.

29. Specifically, Defendants failed to provide a sworn probable cause affidavit at the time the warrant was purportedly issued on May 22, 2023. Instead, the affidavit was signed on June 8, 2023, retroactively creating a false record of probable cause to justify the unlawful arrest.

30. By manufacturing this legal process after the fact, Defendants deprived Plaintiff of his right to be free from arbitrary detention based on falsified evidence.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff Michael James Milligan respectfully requests that this Court enter judgment in his favor and against Defendants Radke and Hedglen, and grant the following relief:

A. An award of compensatory damages in an amount to be determined at trial for Plaintiff's loss of liberty, emotional distress, mental anguish, lost wages, and damage to reputation resulting from the unconstitutional actions described herein;

B. An award of punitive damages against Defendants Radke and Hedglen for their willful, reckless, and malicious conduct in depriving Plaintiff of his clearly established constitutional rights;

C. A declaration that Defendants' actions violated Plaintiff's rights under the Fourth Amendment;

D. An award of reasonable attorney's fees and the costs of this action pursuant to 42 U.S.C. § 1988; and

E. Any other and further relief that this Court deems just and proper.

Dated: February 6, 2026

Respectfully submitted,

8

Michael James Milligan,

Plaintiff, Pro Se

511 Maumee Ave

Toledo ohio 43609

(419)266-3289

milligan80michael@gmail.com

TOLEDO, OH 43614
FEB 12, 2026

$21.65

# UNITED STATES POSTAL SERVICE® | PRIORITY® MAIL

**FROM:**

Michael J Milligan
511 Maumee Ave
Toledo Oh 43609

delivery date specified for domestic use.

shipments include $100 of insurance (restrictions apply).*

king® service included for domestic and many international destina

ternational insurance.**

sed internationally, a customs declaration form is required.

ce does not cover certain items. For details regarding claims exclusions see the
ic Mail Manual at *http://pe.usps.com.*

ternational Mail Manual at *http://pe.usps.com* for availability and limitations of coverage.

To schedule free Package P
scan the QR code.

USPS.COM/PICKUP

**TO:**

Clerk of the Count
United States District Court
Western District of Michigan
110 Michigan St NW
Grand Rapids, MI 49503

AT RATE ENVELOPE

RATE ■ ANY WEIGHT

TRACKED ■ INSURED

PS00001000014

EP14F October 2023
OD: 12 1/2 x 9 1/2

This package is made from post-consumer waste. Please recycle - again.

This packaging is the property of the U.S. Postal Service® and is provided solely for use in sending Priority Mail® and Priority Mail International® shipments. This package is not for resale. EP14F © U.S. Postal Service; October 2023; All rights reserved. Misuses may be a violation of federal law.